IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:18-CR-30141-NJR-1 |
| | Case No. 3:19-CR-30154-NJR-1 |
| MELISSA SCANLAN, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Melissa Scanlan has filed an identical motion for compassionate release in both of her criminal cases. (*See* Case No. 18-CR-30141, Doc. 103; Case No. 19-CR-30154, Doc. 44). Scanlan asks the Court to release her under 18 U.S.C. § 3582(c)(1)(A) due to ongoing medical issues and the alleged lack of medical treatment by the Bureau of Prisons. (*Id.*). For the following reasons, Scanlan's motion is denied.

### BACKGROUND

On August 22, 2018, Scanlan was charged in a nine-count indictment with conspiracy to distribute fentanyl, distribution of fentanyl, sale of counterfeit drugs, misbranding of drugs, and international money laundering conspiracy. (Case No. 18-CR-30141-NJR, Docs. 1, 19). On October 30, 2019, Scanlan was charged by Information with the additional charge of Distribution of Fentanyl Resulting in Death. (Case No. 19-CR-30154-NJR, Doc. 2). Scanlan pleaded guilty to all charges, and the undersigned sentenced her to a total term of 160 months' imprisonment in the Bureau of Prisons ("BOP") and five years of supervised release.

On December 17, 2020, Scanlan filed her first motion for compassionate release under

18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling" circumstances presented by the COVID-19 pandemic. (Case No. 19-CR-30154, Doc. 23). In response, the Government moved to dismiss the motion, arguing that Scanlan's request for a sentence reduction under 18 U.S.C. §3582(c)(1)(A) was barred by the terms of her plea agreement. The Court agreed and granted the Government's motion to dismiss, finding that, as part of her plea agreement, Scanlan waived the ability to attempt to modify her sentence in any type of proceeding. (Doc. 43).

On November 28, 2022, Scanlan filed a second motion for compassionate release in both of her criminal matters stating she had a massive posterior diaphragmatic hernia that occupied her right chest cavity and included her stomach, colon, splenic vasculature, pancreas, and intra-abdominal fat. Scanlan claimed the hernia had been growing and affecting her ability to breathe, as well as causing her crippling pain. She asserted that she needed a complex and risky surgery and that she required a higher level of care than available through the BOP due to its limited resources and understaffed medical team. Thus, she sought compassionate release so she could seek outside medical care.

The Government filed a response in opposition to Scanlan's motion on December 20, 2022. The Government explained that Scanlan had surgery to repair the hernia on December 16, 2022. The Government further argued that Scanlan failed to demonstrate extraordinary and compelling reasons for her release as to any other medical conditions she complains of, and that the § 3553(a) factors weigh against her release.

On January 23, 2023, Scanlan filed a reply stating that she is not receiving post-surgery

care and that her medical condition increases her susceptibility to COVID-19.[1] She also filed a document titled "Supplemental Medical Information for the Court's Consideration" on April 18, 2023. (Case No. 18-CR-30141-NJR, Doc. 108; Case No. 19-CR-30154-NJR, Doc. 49). In her supplement, Scanlan states that she is seeking compassionate release, a sentence reduction, or home confinement for the remainder of her sentence to allow her to receive proper medical care. (*Id.*). Scanlan alleges that she has received no post-operative care, no prescribed medication, and no follow-up CT scans. (*Id.*). She claims to have extreme pain in her abdomen, bloody stool, anal leakage, heavy wheezing, cold sweats with vomiting, hair loss, major fatigue, and the inability to swallow while eating. (*Id.*). Scanlan asks the Court to release her so she can get the "urgent" medical care that she "desperately" needs. (*Id.*).

## Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under the "compassionate release" exception to this rule, however, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.'" *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

## Discussion

As an initial matter, the Court notes that the law surrounding plea agreement waivers has not changed since the Court denied Scanlan's first motion for compassionate release. *See United States v. Bridgewater*, 995 F.3d 591 (7th Cir.), *cert. denied*, 211 L. Ed. 2d 288, 142 S. Ct. 476 (2021). Scanlan's plea agreement is enforceable, and her waiver of "the right to seek

---

[1] Scanlan has refused the COVID-19 vaccine. (Case No. 19-CR-30154, Doc. 47-2 at pp. 105, 176).

modification of, or contest any aspect of, the conviction or sentence in any type of proceeding" extends to compassionate release motions. *See id.*; *United States v. Evans*, 848 F. App'x 673, 674 (7th Cir. 2021). Thus, the Court again finds that Scanlan is barred by the terms of her plea agreement from seeking a sentence reduction under 18 U.S.C. § 3582.

Even if Scanlan could bring a motion for compassionate release, the Court finds that she would not be entitled to relief as she has not presented any extraordinary and compelling reasons warranting a sentence reduction. Scanlan references issues with her health, including a large hiatal hernia that required a complex and risky surgery. But the BOP provided that surgery in December 2022. And, although Scanlan complains in her supplemental filing that she has received no post-operative care, she has presented no evidence to support that claim. Certainly, Scanlan is not the first inmate to complain about the medical care provided in prison, nor will she be the last. Nothing about her situation is more extraordinary than any other inmate's plight.

To the extent that Scanlan is challenging the medical care provided at Victorville more generally, "a compassionate-release motion is not the right vehicle." *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022). "The Constitution does not grant a right to release from an otherwise lawful sentence, and to the extent relief under § 3582(c) is unavailable, a federal prisoner 'may still directly challenge any inadequate medical care he receives, or any medically unsafe conditions of confinement' through ordinary channels." *United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *3 (7th Cir. Mar. 29, 2023) (quoting *Bridgewater*, 995 F.3d at 599); *see also United States v. Ogle*, No. 15-CR-40042-JPG-003, 2022 WL 2307377, at *4 (S.D. Ill. June 27, 2022) ("Should Ogle feel the conditions are unacceptable and not justified by a legitimate penological interest, he may pursue a separate

conditions of confinement lawsuit."). If Scanlan believes she is not receiving the level of medical care required by the Constitution, the remedy would be a civil lawsuit filed within her district of confinement—not a motion for compassionate release.

Finally, although Scanlan alternatively asks the Court to place her on home confinement, the undersigned lacks authority to change her place of imprisonment. "An inmate in home confinement remains in custody of the [BOP]," and "[t]he BOP (and under the CARES Act, the Attorney General) has plenary control over its inmates' placement." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (citation omitted). Thus, this Court cannot order home confinement.

In sum, Scanlan's plea agreement forecloses her from pursuing a sentence reduction under the compassionate release statute. Even if it didn't, Scanlan has not provided any extraordinary and compelling reasons justifying her release. Given this determination, the Court need not determine whether the 18 U.S.C. § 3553(a) weigh in favor of her release.

## CONCLUSION

For these reasons, the Motion for Compassionate Release filed by Defendant Melissa Scanlan in both of her criminal matters is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 10, 2023

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**